24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roald Paul NYMARK, Defendant-Appellant.
 No. 93-30313.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roald Paul Nymark appeals his conviction, which followed a jury trial, for wire fraud in violation of 18 U.S.C. Secs. 1343, 2. Nymark claims, first, that the evidence was insufficient to show he deceived and defrauded the same victim, and, second, that the district court erred by refusing to instruct the jury that conviction required proof that he had deceived and defrauded the same victim. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Facts
 
 
 4
 Nymark, the owner of Space Tech Systems, Inc. (STSI), negotiated a contract with Confeccoes Texteis de Vouzela (CTV), a Portugese concern, which required him to deliver a shipment of goods by December 31, 1988. Pursuant to the contract, CTV had prepared an irrevocable letter of credit, authorizing the Riggs Bank of Washington, D.C., upon receipt of documents proving that the goods had been shipped, to pay Nymark $172,600. Within the six months before the goods were due, Nymark filed for bankruptcy and settled a civil action brought against him by Pla-Ma, Ltd. for $160,000. Nymark instructed the Riggs Bank to pay directly to Pla-Ma $160,000 of the $172,600 due him under CTV's letter of credit. On December 30, 1988, Nymark falsified documents showing that he had shipped CTV's goods to Portugal. He had the documents sent to Riggs Bank, causing the bank to disburse $160,000 to Pla-Ma and $11,581.85 to him. Nymark, however, had not shipped CTV's goods on December 30, 1988. Instead, he made partial shipment one month later.
 
 II
 Sufficiency of the Evidence
 
 5
 In evaluating the sufficiency of the evidence, we ordinarily review the evidence in the light most favorable to the prosecution to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). Because Nymark failed to renew his motion for acquittal at the close of the evidence, however, we review "only to avoid a manifest miscarriage of justice or plain error." See United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 6
 To sustain a conviction of wire fraud, the evidence must show, among other things, that the defendant used the United States wires in furtherance of a scheme to defraud. Schreiber Distributing v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1400 (9th Cir.1986). The scheme need not succeed so long as the government proves the defendant's "intent to obtain money or property from the victim of the deceit." United States v. Lew, 875 F.2d 219, 222 (9th Cir.1989).
 
 
 7
 Nymark argues he should have been acquitted because he deceived one entity, Riggs Bank, to defraud another, CTV. Lew, he contends, compels reversal. We disagree.
 
 
 8
 In Lew, the defendant made false statements to the Department of Labor (DOL) to obtain work papers for his alien clients. In return, his clients paid him. We reversed Lew's conviction of mail fraud because there was no evidence that he deceived his clients. Id. at 221-22. Nymark, in contrast, falsified documents to induce Riggs Bank to part with $172,600. That Riggs recovered this sum from CTV is immaterial. Id. (citing United States v. Bonallo, 859 F.2d 1427, 1434 n. 9 (9th Cir.1988)). We discern no miscarriage of justice in Nymark's conviction of this charge. See Stauffer, 922 F.2d at 511.
 
 III
 Jury Instructions
 
 9
 We review de novo the legal question whether the jury instructions correctly explained the law and the elements of fraud. United States v. Mundi, 892 F.2d 817, 818 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991). "[I]n analyzing a claim of error in jury instructions, we may look beyond the instructions themselves and examine the indictment and the entire trial in context." Id. at 819 (citing United States v. Marabelles, 724 F.2d 1374, 1382 (9th Cir.1984)).
 
 
 10
 Here, the jury was instructed that a defendant who commits wire fraud knowingly makes "false representations ... of a kind that would reasonably influence a person to part with money." The indictment specifically charged Nymark with having sent a false and altered airway bill to the Riggs Bank, inducing the bank "to ma[k]e payment of ... $172,600 for the benefit of and as directed by Roald Paul Nymark." The specific wire communication charged was the " 'electronic funds transfer' from the Riggs Bank in Washington, D.C. to [Nymark's bank] in Seattle, Washington." It was, moreover, clear from the evidence that Nymark deceived the Riggs Bank into releasing money on behalf of CTV. We are, therefore, satisfied that the fraud instructions were sufficient. See Mundi, 892 F.2d at 818; Marabelles, 724 F.2d at 1382.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3